*Jin v. Barr*

BIA
Cassin, IJ
A202 039 163/164/165

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RAYMOND J. LOHIER, JR.,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

ZHENGLONG JIN, HONG ZHOU, XIAO ZHEN JIN,

> *Petitioners,*

> v.

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

17-3704
NAC

_____

FOR PETITIONERS: Louis H. Klein, The Kasen Law Firm, PLLC, Flushing, NY.

**FOR RESPONDENT:** Chad A. Readler, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Remida Rocha-Afodu, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhenglong Jin and his wife Hong Zhou, natives and citizens of China, and their minor child Xiao Zhen Jin, a native of South Korea and citizen of China, seek review of an October 16, 2017, decision of the BIA affirming a March 22, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhenglong Jin, Hong Zhou, Xiao Zhen Jin,* Nos. A 202 039 163/164/165 (B.I.A. Oct. 16, 2017), *aff'g* Nos. A 202 039 163/164/165 (Immig. Ct. N.Y. City Mar. 22, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Jin's counsel has submitted essentially the same brief used for his BIA appeal, and contests only one finding

2

underlying the adverse credibility determination. Accordingly, counsel has waived review of the following determinations: (1) inconsistencies in Jin's statements and between his statements and those of his wife regarding the location of Jin's daughter when he was released from detention, whether Jin has a brother in the United States, and whether Jin and his wife received a fine receipt; and (2) Jin's failure to rehabilitate his testimony with reliable corroborative evidence. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n.1 (2d Cir. 2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." (quoting *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998))). The waiver is significant because, as discussed below, these findings support the adverse credibility determination in this case. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

Even absent waiver, we would deny the petition because the adverse credibility determination is supported by substantial evidence. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under substantial evidence standard).

3

"Considering the totality of the circumstances," a factfinder "may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The agency reasonably relied on multiple inconsistencies between Jin's prior statements and his testimony and that of his wife to support the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The record reflects inconsistent statements about whether Jin missed any weekly police check-ins, whether he told the police about trips to South Korea, Turkey and Egypt, the location of his daughter at the time of his release from detention, and whether he had a brother living in the United States. The agency was not compelled to accept the explanations provided by Jin and Zhou,

which largely amounted to claims of forgetfulness or confusion. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Having questioned Jin's credibility, the agency also reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency was not required to credit letters from Jin's father and a friend in China. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (holding that "[w]e defer to the agency's determination of the weight afforded to an alien's documentary evidence" and deferring to decision to afford little weight to spouse's letter because it was unsworn and

from an interested witness).

Although the IJ's decision may have overstated inconsistencies regarding the fine receipt and between Jin's and his wife's testimony about Jin's brother, given the multiple inconsistencies identified above and the lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6