Liu v. Barr

BIA
Vomacka, IJ
A210 170 439

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of January, two thousand twenty.

PRESENT:
GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

YUPING LIU,
*Petitioner,*

v.                                              18-1902
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Raymond Lo, Esq., Jersey City,
                         NJ.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Terri J. Scadron,
                         Assistant Director; Leslie McKay,

Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuping Liu, a native and citizen of the People's Republic of China, seeks review of a June 15, 2018, decision of the BIA affirming a June 22, 2017, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuping Liu,* No. A 210 170 439 (B.I.A. Jun. 15, 2018), *aff'g* No. A 210 170 439 (Immig. Ct. N.Y. City Jun. 22, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the BIA and IJ's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the

circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Liu was not credible as to her claim that she was persecuted by Chinese authorities on account of her Falun Gong practice.

The agency reasonably relied on an inconsistency between Liu's testimony, asylum interview, and personal statement about the number of times she was beaten by Chinese

3

authorities. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). In her application and at her asylum interview, she described being beaten when she was first detained and interrogated, but she did not mention other beatings. Moreover, despite being asked at the interview to provide more details about her detention, she added only that she was interrogated on the ensuing days, not that she was beaten. In contrast, she testified that she was beaten three times per day, each day of her detention. This inconsistency, alone, is substantial evidence for the adverse credibility determination because it concerns the sole incident of past persecution that is the heart of her claim. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (a material inconsistency regarding the basis of an applicant's asylum claim is substantial evidence of adverse credibility).

The agency bolstered the adverse credibility determination by pointing to a series of other inconsistencies and implausible testimony. Liu has abandoned any challenge to these grounds because she did not provide any specific argument before the BIA or this Court. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir. 2008) (explaining that waiver of specific credibility findings can

be "significant" where "findings could, by themselves, support an adverse credibility determination."). Nor did Liu sufficiently challenge the agency's corroboration findings, as she does not identify any specific evidence that the IJ should have credited or explain why other evidence was unavailable. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (holding that party's "single conclusory sentence" of argument on claim was tantamount to a waiver of that claim). Liu's argument that the agency ignored country conditions evidence concerning persecution of Falun Gong practitioners is unsupported because the agency acknowledged that Falun Gong practitioners are persecuted in China and denied relief solely on credibility grounds.

Given Liu's inconsistent descriptions of her alleged persecution and her failure to challenge the other grounds for the agency's decision, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court