Shi v. Barr

BIA
Poczter, IJ
A202 037 191

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
MICHAEL H. PARK,
*Circuit Judges.*

_____

YUAN LAN SHI,
*Petitioner,*

v.                                              18-2218
                                                NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Esq., Belle Mead,
                         NJ.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Cindy S. Ferrier,
                         Assistant Director; Andrew N.

O'Malley, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yuan Lan Shi, a native and citizen of China, seeks review of a July 17, 2018, decision of the BIA affirming an August 8, 2017, decision of an Immigration Judge ("IJ") denying Shi's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuan Lan Shi,* No. A 202 037 191 (B.I.A. Jul. 17, 2018), *aff'g* No. A 202 037 191 (Immig. Ct. N.Y. City Aug. 8, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility

determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76. The agency's adverse credibility determination is supported by substantial evidence.

First, Shi was inconsistent about how many people came to take her to get a forced abortion, and she did not offer a compelling explanation for this inconsistency, which goes

3

to the heart of her claim. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)).

Second, Shi failed to disclose in her asylum application that she lived in France for about four years from 2005 to 2009 and had applied for asylum there.  Shi's explanation that her lawyer did not ask her the question does not fully resolve such an omission of a relatively long period of her adult life and a previous attempt at seeking asylum.  *Id.* While the agency may err if it relies too heavily on minor omissions, at least where the omitted information would have supplemented, rather than contradicted, earlier statements, the agency did not err here because the omission concerned an alleged prior effort to seek refugee status elsewhere, which is information explicitly requested on the asylum application form.  *See Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) (holding that the agency may "draw an adverse inference about petitioner's credibility based, *inter alia*, on her

4

failure to mention" important details or events in prior statements). Further, as the agency noted, the omission was material because the prior asylum application could have either confirmed or undermined Shi's current asylum claim. *See Hong Fei Gao*, 891 F.3d at 78, 82 (holding that "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose" and that "[o]missions need not go to the heart of a claim to be considered in adverse credibility determinations, but they must still be weighed in light of the totality of the circumstances and in the context of the record as a whole").

Third, having questioned Shi's credibility, the agency reasonably relied on her failure to rehabilitate her testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The agency did not err in declining to afford

5

significant weight to the letters from Shi's family members (her sister, mother, husband, and sister-in-law) as well as a single notice from the family-planning authorities about a 2014 IUD inspection because none of the authors was available for cross-examination, and her family members were interested parties.  *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to spouse's letter because it was unsworn and from an interested witness); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (letters from an alien's friends and family were insufficient to provide substantial support for the alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).  In addition, Shi testified inconsistently about why she did not submit more than one IUD inspection notice: she testified that notices were sent every three months and when asked to explain the absence of additional notices, she first stated she had some at home in China, and then later said she had lost the notices.

Accordingly, given the inconsistency regarding the

primary harm, Shi's omission of her residence and request for asylum in France, and the lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. The adverse credibility determination was dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<pre>
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
</pre>