# United States Court of Appeals
## For the First Circuit

No. 16-2278

VANESSA ORTIZ-RIVERA; LIZMARIE SANTIAGO-RIVERA,
individually and in representation of her minor son;
E.J.R.S.; SULEIMA ORTIZ-RIOS,

Plaintiffs, Appellants.

v.

UNITED STATES OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Barron, Circuit Judges.

José R. Olmo-Rodríguez on brief for appellants.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana
E. Bauzá-Almonte, Assistant United States Attorney, Chief,
Appellate Division, and Mainon A. Schwartz, Assistant United
States Attorney, on brief for appellee.

May 23, 2018

**BARRON**, **Circuit Judge**.  The District Court dismissed this Federal Tort Claims Act ("FTCA") suit for wrongful death on the ground that the plaintiffs had not first timely presented their claim to the appropriate federal agency.  See 28 U.S.C. § 2401(b). We vacate and remand.

## I.

The suit arises from the plaintiffs' allegation that federal agents or employees of Immigration and Customs Enforcement ("ICE") within the United States Department of Homeland Security negligently shot their close relative, who the government concedes died as a result of his gunshot wounds.  The appeal turns on the timeliness of the claim's presentment to that agency.

The timeliness issue arises because the FTCA waives the United States' sovereign immunity in federal court with respect to certain torts committed by federal employees only if certain preconditions are met.  Id. § 1346(b).  In particular, before a tort action against the United States may be filed in federal court under the FTCA, the tort claim must first be "presented" to the appropriate federal agency "within two years after such claim accrues."  Id. § 2401(b).

A regulation, 28 C.F.R. § 14.2(a), promulgated by the United States Department of Justice fleshes out parts of this requirement.  See Santiago-Ramirez v. Sec'y of Dep't of Def., 984 F.2d 16, 19 (1st Cir. 1993).  The regulation provides that a tort

claim is "presented" within the meaning of § 2401(b) when the appropriate federal agency "receives" written notice of that claim. 28 C.F.R. § 14.2(a).[1] If the agency that receives a timely presented claim denies it, then an FTCA suit predicated on that claim must be brought in federal court within six months of the agency's denial to avoid being dismissed. 28 U.S.C. § 2401(b).

The following facts bearing on whether the claim was timely presented are undisputed, unless noted otherwise. The plaintiffs' tort claim, as it is predicated on their relative's death, accrued when their relative died on July 27, 2012. On May 20, 2014, the plaintiffs mailed notice of their tort claim to the Federal Bureau of Investigation ("FBI"). The plaintiffs did so

---

[1] Section 14.2(a) provides in full:

> For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

For ease of reference, we will refer to the requirement set forth in this regulation as the requirement to provide notice of a tort claim.

because they originally believed, based on what an unidentified source had told them, that FBI agents were responsible for their relative's death.

The FBI received the notice of the claim on June 10, 2014 and then informed the plaintiffs that "Homeland Security Immigration" was the appropriate federal agency to consider their claim. The plaintiffs next mailed the notice of their claim on July 2 to a Puerto Rico address that was allegedly listed on the Department of Homeland Security's website. That mailing was returned as undeliverable on July 20.

At that point, the plaintiffs finally learned the correct address for ICE (although it is unclear from the record how they did so). The plaintiffs mailed notice of their claim to that address on July 24, 2014 through the United States Postal Service ("USPS") via certified mail.

USPS delivered that mailing to ICE by 7:22 pm on July 28, 2014, which was the last day of the two-year period that began to run upon the relative's death.[2] According to the USPS tracking information, however, no "[a]uthorized [r]ecipient" was available. The tracking information further indicates that USPS left notice

---

[2] Although the relative died on July 27, 2012, the parties agree that the two-year statutory period ran on July 28, 2014 because July 27, 2014 was a Sunday.

of the mailing at the address and that the mailing was then "[a]vailable for [p]ickup" as of the following afternoon.

ICE did not come into actual possession of the mailing until August 1, 2014, which was after the two-year period had run. The parties dispute how exactly ICE came into possession of the mailing on that day.

The plaintiffs contend that an ICE agent picked up the mailing from USPS because the "Date of Delivery" box on the USPS certified mail receipt is empty (although the August 1 date is stamped elsewhere on the receipt). ICE counters that USPS in fact "delivered" the mailing on August 1, given that the USPS tracking information reports a status of "delivered" for an entry dated August 1, 2014.

After ICE had taken possession of the mailing, ICE sent the plaintiffs a letter dated December 4, 2014. In that letter, ICE stated that the plaintiffs' claim had been "denied."

On May 28, 2015, the plaintiffs filed this FTCA action against the United States in the United States District Court for the District of Puerto Rico. The complaint alleged that federal agents or employees of ICE had, under Puerto Rico law, negligently shot their relative and that other federal agents or employees of ICE had negligently supervised the shooters.

The government moved to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of

subject matter jurisdiction.  In its brief supporting the motion to dismiss, the government contended that dismissal was required because the plaintiffs had failed to present a timely claim to ICE within two years of the time at which that claim had accrued.

The government described the two-year presentment requirement imposed by § 2401(b) as "a jurisdictional requirement" under the FTCA for filing a tort action in federal court.  The government also contended that, even though the two-year deadline is subject to equitable tolling, there were no reasons to toll that deadline in this case.

The plaintiffs filed an opposition to the government's motion to dismiss.  They asserted that ICE had been "timely" presented the claim within the two-year period because, after the plaintiffs had mailed the notice to ICE through USPS certified mail, USPS "attempted delivery" on the last day of the two-year period.  The plaintiffs further contended that ICE itself had "deemed the claim to be timely" because it denied the claim and "cannot go against its own acts."

The government correctly pointed out in a reply brief that the plaintiffs did not contend that the deadline should be equitably tolled.  The plaintiffs did file a motion requesting leave to file a surreply.  But, in that motion, they did not argue that the deadline should be equitably tolled.  They merely

reasserted their arguments as to why their administrative claim was timely.

The District Court took this matter under advisement on the briefs without oral argument and granted the government's motion to dismiss. The District Court took the view that the FTCA's two-year time bar for administrative presentment was of jurisdictional stature, and that, as a result, the plaintiffs had the burden to prove that their administrative claim was timely presented.

The District Court then concluded that the plaintiffs had not carried that burden. The District Court also explained that it had no need to reach the government's arguments against equitable tolling because the plaintiffs had never sought equitable tolling.

After the District Court entered judgment in the government's favor, the plaintiffs moved for reconsideration and -- for the first time -- sought equitable tolling of the two-year deadline. The plaintiffs explained that, upon reading the District Court's opinion, they "remembered" that they had experienced difficulties identifying the particular federal agency that was responsible for the shooting of their relative. They also recounted their efforts to send the notice of their claim first to the FBI and then to the Puerto Rico address that they had allegedly found on the Department of Homeland Security's website.

The District Court denied the plaintiffs' motion for reconsideration without a written order. The plaintiffs then filed this timely appeal.

The plaintiffs do not appear to challenge the District Court's reliance on Rule 12(b)(1) as the procedural vehicle for dismissal. The government recognizes on appeal, however, that, under United States v. Wong, 135 S. Ct. 1625 (2015), the FTCA's two-year time bar for presentment is a claims-processing rule, not a jurisdictional requirement, even though the government maintains that "dismissal is still warranted" here (presumably through some procedural vehicle other than Rule 12(b)(1)). See id. at 1638.

## II.

The plaintiffs make a number of arguments as to why the FTCA's presentment requirement does not preclude their suit from going forward. They argue, for example, that the government's own conduct -- both in denying their claim without specifying untimeliness as a ground for doing so and in failing to transfer their claim from the FBI to ICE -- bars the government from now successfully arguing that their suit must be dismissed as untimely. After explaining why those arguments are unavailing, we then turn to their alternative arguments for permitting the suit to proceed -- namely, that the District Court erred by not tolling the two-year deadline and that, even if the deadline is not tolled, the District Court still erred in ruling that they did not satisfy the

requirement to present their claim to ICE within two-years of the death of their relative. We consider each of these arguments in turn.

**A.**

The plaintiffs first contend that ICE's denial of the plaintiffs' administrative claim establishes that ICE itself considered the presentment of that claim to have been timely and that the government cannot now argue otherwise. To the extent that the plaintiffs mean to argue that the government is estopped altogether from denying the timeliness of the administrative presentment of their claim, we agree with the government that this point is waived for lack of development. See Holloway v. United States, 845 F.3d 487, 492 n.5 (1st Cir. 2017).

To the extent that the plaintiffs mean to argue merely that the government is estopped from asserting untimely presentment as a ground for dismissal, however, we see no reason why the government must specify untimeliness as a ground for denying the claim in the administrative proceedings in order to preserve that argument in federal court. After all, this is not a situation in which we are reviewing an administrative order, in which circumstances we could uphold the order only on grounds specified by the agency in its order. See SEC v. Chenery Corp., 318 U.S. 80, 95 (1943). In this regard, we note that § 2401(b) does not provide for judicial review of the agency's order denying

the tort claim. Rather, § 2401(b) simply ensures that the appropriate federal agency has an opportunity to pass on a claimant's tort claim before that claim is brought to federal court. Nor were the proceedings before the agency adversarial, where general principles of fairness and judicial economy might counsel in favor of ensuring that the timeliness issue was developed below. See Sims v. Apfel, 530 U.S. 103, 110 (2000) ("Where, by contrast, an administrative proceeding is not adversarial, we think the reasons for a court to require issue exhaustion are much weaker.").

## B.

The plaintiffs also cannot prevail on their contention that, pursuant to 28 C.F.R. § 14.2(b), the FBI should have transferred the notice that it had received from the plaintiffs before the two-year deadline to ICE and that the FBI's failure to do so means that their claim should be considered timely presented on the date that the FBI received it. As the government points out, the plaintiffs never made this argument below. Nor have they offered any plain error argument on appeal. Accordingly, this argument cannot help them now. See Dominguez v. United States, 799 F.3d 151, 154-55 (1st Cir. 2015) (explaining that undeveloped arguments are deemed waived).

## c.

The plaintiffs also contend that, even if the government's own conduct does not preclude the FTCA's two-year time bar from being enforced against them, equitable tolling does. But, here, too, the plaintiffs' contention fails.

The FTCA's time bar may be equitably tolled, Wong, 135 S. Ct. at 1633, "when a party has pursued [its] rights diligently but some extraordinary circumstance prevents [it] from meeting a deadline." Id. at 1631 (internal quotation marks omitted). But, the party seeking tolling has the burden of establishing that there is a basis for doing so, and the District Court has discretion to decide whether that burden has been met. Delaney v. Matesanz, 264 F.3d 7, 13-14 (1st Cir. 2001).

The plaintiffs premise their equitable tolling argument on the difficulties they claim to have experienced in identifying the appropriate federal agency to notify of their claim. In this regard, they point to the two prior attempts that they made to notify the government of their tort claim before the delivery of their notice to ICE on July 28, 2014.

But, the plaintiffs concede that the District Court correctly determined that the plaintiffs had not raised this equitable tolling argument until their motion for reconsideration. And we review denials of motions for reconsideration only for abuse of discretion. Villanueva v. United States, 662 F.3d 124, 128

- 11 -

(1st Cir. 2011) (per curiam).  We see no abuse of discretion in the District Court's decision not to reconsider its judgment in light of the plaintiffs' equitable tolling argument, given that the reason the plaintiffs gave for not making that argument earlier was merely that they had not previously "remembered" the difficulties they had experienced in identifying the responsible federal agency.  See Feliciano-Hernández v. Pereira-Castillo, 663 F.3d 527, 537 (1st Cir. 2011) (finding no abuse of discretion in denying a motion to reconsider the dismissal of a complaint where the movant had asked the district court "to consider new arguments that [the movant] could have made earlier").

**D.**

That leaves the plaintiffs' contention that, even without the benefit of equitable tolling, they complied with the requirement under 28 C.F.R. § 14.2(a) that notice of their claim be "receive[d]" by the appropriate federal agency within the two-year statutory period that began to run when their relative died. Their argument is that the notice was in fact "received by [ICE] prior to the end of the period, as soon as delivery was attempted" by USPS as of 7:22 pm on the last day of that period, even though "no officer of the agency accepted the claim."

In ruling that the plaintiffs had not timely presented their claim to the agency, the District Court correctly described the plaintiffs as having argued in their opposition to the motion

to dismiss that their claim was timely presented because, in the District Court's summation, "the claim was properly mailed and delivered on time by July 28, 2014, in spite of the fact that it was not accepted until [after the deadline]" (emphasis added). However, the District Court then proceeded to reject the plaintiffs' argument solely on the ground that "mailing of the claim alone" is insufficient to satisfy the FTCA's presentment requirement. Thus, the District Court did not address -- at least explicitly -- the plaintiffs' contention that they had complied with the deadline because USPS arrived with the notice of their claim at ICE by 7:22 pm on the last day of the two-year period only for there to be no "authorized recipient" available to "accept" the notice.

In defending the ruling below, the government, like the District Court, also appears to focus on whether a mailing of a claim within the two-year statutory period in and of itself renders the claim timely for purposes of the presentment requirement. For example, in defending the District Court's ruling, the government relies on out-of-circuit precedents establishing that, in the government's words, "[d]epositing the notice in the mail within the two-year timeframe is insufficient to satisfy the statutory requirements" under the FTCA.

The government does also cite United States v. Lombardo, 241 U.S. 73 (1916), as support for the proposition that

- 13 -

"[d]epositing the notice in the mail within the two-year timeframe is insufficient to satisfy the statutory requirements." But, even assuming that Lombardo, which construed the words "shall file" from a provision of the White Slave Traffic Act (or the Mann Act), 18 U.S.C. § 2424, offers useful guidance about how to construe "receives" under § 14.2(a), that precedent shows only what the other precedents on which the government relies show -- namely, that something is not received when it is mailed. For while the Court in Lombardo quoted the district court's view that "[a] paper is filed when it is delivered to the proper official and by him received and filed," the Court did not endorse that view in construing the statutory deadline at issue. 241 U.S. at 76. Rather, the Court affirmed the district court's decision that mailing a notice did not constitute "fil[ing]" under the Act by explaining that "a deposit in the post office" does not satisfy the requirement "that a paper shall be filed with a particular officer." Id. at 78.

Of course, we may affirm a District Court's order of dismissal on any ground manifest in the record. González v. Vélez, 864 F.3d 45, 50 (1st Cir. 2017). But, in light of the state of the record and the District Court's possible misapprehension of the nature of the plaintiffs' argument, we conclude that the prudent course is to vacate the order of dismissal and remand the case for consideration of the plaintiffs' contention that the

- 14 -

regulation providing that "a claim shall be deemed to have been presented when a Federal agency receives" written notice of the claim, 28 C.F.R. § 14.2(a), means that the plaintiffs' claim had been timely presented by virtue of the fact that USPS arrived at ICE with notice of the tort claim by 7:22 pm on the last day of the two-year statutory period.[3]

In remanding the case, we note that the government did assert below -- without reference to the record -- that "the federal agency was closed" when USPS arrived at the agency. But, on appeal, the government makes the somewhat different point that 7:22 pm was merely "after close of business." Moreover, the record does not contain any evidence regarding ICE's actual hours on July 28, 2014 for "business" as well as for "accepting" certified mail.

In addition, the government, in stating that USPS arrived at ICE "after close of business," does not explain why that fact should matter for the purpose of determining whether the

---

[3] We note that the government's assertion that the plaintiffs had necessarily failed to exhaust their administrative remedies because their tort claim had not been timely presented to ICE is premised on the District Court's untimeliness ruling, which we conclude must be reconsidered on remand. We also note that the government separately contends that the plaintiffs did not exhaust their administrative remedies because their written notice to ICE neither indicated "the title or legal capacity of the person signing" nor included "evidence of his authority to present a claim on behalf of the claimant[s]," as required under 28 C.F.R. § 14.2(a). But, this argument was neither raised below nor developed on appeal. We thus deem it to have been waived. Dominguez, 799 F.3d at 154-55.

agency "receive[d]" the notice under § 14.2(a). We do observe, though, that, to the extent that the government means to suggest that the agency must first make a particular recipient available to "accept" notice of a tort claim in order for the agency to be deemed to have "receive[d]" the notice, we doubt that the government could withdraw its statutory waiver of sovereign immunity against tort actions in federal court simply by not making such a recipient available.

We also note that neither the FTCA presentment provision, 28 U.S.C. § 2401(b), nor the regulation at issue, 28 C.F.R. § 14.2(a), indicates that notice of the tort claim must be presented to any particular recipient at the federal agency during any particular hours within the two-year period. Rather, the FTCA refers to the statutory period simply in terms of years, and the regulation (like the statutory provision it interprets) refers to the notice's receipt within that statutory period by a "Federal agency," not a specific person. See Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1241 (11th Cir. 2002) (observing that notice of the plaintiff's tort claim against the United States "was mailed -- in compliance with the pertinent federal regulations -- to an administrative office . . . and not to a person").

Likewise, the Department of Justice's own Standard Form 95, which § 14.2(a) indicates may be used for providing the appropriate federal agency with notice of a tort claim, instructs

- 16 -

claimants, consistent with the statutory and regulatory language, merely that "the claim must be presented to the appropriate federal agency within two years after the claim accrues" (first emphasis added). That form does not further specify when or to whom such presentment must be effected.[4]

Nevertheless, the plaintiffs have not identified any authority that supports the conclusion that delivery of a notice of a tort claim to a federal agency "after close of business" that is not "accepted" nonetheless suffices to establish that the notice was "receive[d]" by the agency under § 14.2(a). Nor have the plaintiffs argued that the government has waived a response to their argument -- that what they term the "delivery" of their

---

[4] The government has not argued that either § 2401(b) or § 14.2(a) incorporates a rule like the one set forth in Rule 6(a) of the Federal Rules of Civil Procedure -- which provides that the last day of a non-electronic filing period generally ends "when the clerk's office is scheduled to close" -- for the purpose of determining when the FTCA's presentment deadline passes. We note, however, that some circuits have held that § 2401(b) incorporates a different rule set forth in Rule 6(a) -- its rule for counting days in order to determine the last day of a time period -- in order to calculate the day that the FTCA's two-year presentment period ends, at least insofar as that method benefitted claimants by rendering their claims timely. See, e.g., Maahs v. United States, 840 F.2d 863, 865-67 (11th Cir. 1988); Frey v. Woodard, 748 F.2d 173, 175 (3d Cir. 1984). We express no view as to how Rule 6(a) may bear on determining under § 2401(b) and § 14.2(a) the time by which a tort claim must be presented on the last day of the FTCA's presentment period. We also express no view as to any issue concerning the adequacy of notice of the rules for meeting the presentment deadline that might arise if the government were to argue that § 2401(b) or § 14.2(a) does, impliedly, incorporate rules like those set forth in Rule 6(a).

notice to ICE on July 28, 2014 constituted ICE's receipt of the notice under § 14.2(a) -- by not further developing such a response in its brief on appeal.

With these observations, we remand the case, leaving the parties free to develop their respective arguments as to whether the arrival of the plaintiffs' mailing at ICE as of 7:22 pm on the last day of the two-year period satisfied the FTCA's presentment requirement. If necessary, the District Court may convert the government's motion to a motion for summary judgment, see Holloway, 845 F.3d at 489, and develop the record regarding, for example, with whom the plaintiffs would have needed to leave the notice of their tort claim and during what hours of the day on July 28, 2014 in order to effect "recei[pt]" under § 14.2(a), as well as what notice, if any, the public had of this information.

In this regard, though, we point out that, to the extent that the District Court's consideration of the plaintiffs' argument on remand might turn on such factual issues, neither party has addressed whether the government's acknowledgment on appeal that the FTCA's two-year time bar for administrative presentment is not a jurisdictional requirement affects the allocation of the burden of proof on this issue. See Skwira v. United States, 344 F.3d 64, 71 n.8 (1st Cir. 2003) (noting, prior to Wong, that although our circuit was among those that viewed the FTCA's two-year time bar for presentment as "jurisdictional in nature, and,

accordingly, place[d] the burden of proof on the plaintiff,"
"[o]ther circuits view [it] as an affirmative defense . . . and
therefore place the burden of proof on the defendant").  Because
the District Court has not yet had the benefit of the government's
concession on appeal that the time bar is not a jurisdictional
requirement, we leave the question of which party has the burden
of proof and how its allocation may affect whether the plaintiffs'
administrative claim was timely presented for the District Court
to reconsider in the first instance.

## III.

We vacate the District Court's order and judgment
dismissing this action, and we remand for further proceedings
consistent with this opinion.  Each party shall bear its own costs.