Ayala Vasquez v. Barr

BIA
Connelly, IJ
A209 836 920

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty.

PRESENT:
        JOHN M. WALKER, JR.
        JOSÉ A. CABRANES,
        SUSAN L. CARNEY,
          *Circuit Judges.*
_____

NELSON ABDULIO AYALA VASQUEZ,
        *Petitioner,*

      v.                 18-1816
                         NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONER:**       Ronald D. Richey, Esq., Rockville, MD.

**FOR RESPONDENT:**      Jeffrey Bossert Clark, Acting Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nelson Abdulio Ayala Vasquez, a native and citizen of El Salvador, seeks review of a May 18, 2018 decision of the BIA affirming a September 19, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Nelson Abdulio Ayala Vasquez*, No. A209 836 920 (B.I.A. May 18, 2018), *aff'g* No. A209 836 920 (Immig. Ct. Batavia Sept. 19, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the opinions of both the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

An applicant for asylum or for withholding of removal

may sustain his burden of proof on the basis of his testimony alone "only if the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The IJ denied relief on the ground that Ayala Vasquez failed to testify credibly concerning his claim that gang members threatened him after he witnessed them murder his uncle in El Salvador. Substantial evidence supports this

3

determination.

The IJ reasonably found that Ayala Vasquez, his common-law wife, and a police report provided different information regarding who murdered Ayala Vasquez's uncle, how many attackers were present at the scene, and when Ayala Vasquez reported gang threats to the police. The IJ also reasonably relied on inconsistencies between Ayala Vasquez and his wife's accounts of the events that transpired immediately after gang members murdered his uncle. For example, the two witnesses' testimony differed as to whether Ayala Vasquez fled to the church where he worked alone (or with his wife and children), whether Ayala Vasquez and his family took refuge at a house owned by his wife's uncle (or her mother), and how long they remained in hiding.

In addition, the IJ reasonably relied on omissions in a corroborating letter offered by Ayala Vasquez's boss, a priest at a local parish. Although Ayala Vasquez testified that he spoke with the priest on the day of his uncle's murder, the priest made no mention of the murder or threats to Ayala Vasquez in his corroborating letter. A witness's omission of facts may be probative if "those facts are ones the witness would reasonably have been expected to disclose."

4

*See Hong Fei Gao*, 891 F.3d at 78.

Although Ayala Vasquez, his wife, and his attorney were afforded opportunities to explain these and other inconsistencies, *see Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir. 2006), they failed to meet their burden to do so. To secure relief, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements . . . ; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (emphasis in original) (citation and internal quotation marks omitted).

Given the IJ's inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence. * *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination was dispositive of Ayala Vasquez's applications for asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

---

* The agency erred in finding Ayala Vasquez's statements inconsistent as to when his uncle was murdered and when he was first threatened, but remand to correct these errors would be futile given the substantial error-free findings in support of the adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court