Bhattarai v. Barr

BIA
Conroy, IJ
A 206 561 825

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION
TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED
AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS
COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT
FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX
OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A
PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY
NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals
for the Second Circuit, held at the Thurgood Marshall
United States Courthouse, 40 Foley Square, in the City of
New York, on the 10th day of November, two thousand twenty.

PRESENT:
        RICHARD J. SULLIVAN,
        JOSEPH F. BIANCO,
        WILLIAM J. NARDINI,
             *Circuit Judges.*
_____

ASHOK BHATTARAI,
        *Petitioner,*

        v.                                     19-2604
                                               NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Dilli Raj Bhatta, Bhatta Law &
                         Associates, New York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting
                         Assistant Attorney General;
                         Anthony P. Nicastro, Assistant

Director; Jenny C. Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Ashok Bhattarai, a native and citizen of Nepal, seeks review of a July 24, 2019 decision of the BIA affirming a February 1, 2018 decision of an Immigration Judge ("IJ") denying Bhattarai's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ashok Bhattarai*, No. A206 561 825 (B.I.A. July 24, 2019), *aff'g* No. A206 561 825 (Immig. Ct. N.Y. City Feb. 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may

2

base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). We remand for further consideration because the IJ's decision predated *Hong Fei Gao*, 891 F.3d at 79, and *Gurung v. Barr*, 929 F.3d 56, 60 (2d Cir. 2019), and the agency relied on the type of omissions and language differences that we cautioned against in those cases.

As an initial matter, we conclude that Bhattarai sufficiently exhausted his challenges to the adverse credibility determination. *See Gill v. INS*, 420 F.3d 82, 85-86 (2d Cir. 2005). After the IJ issued his decision in this case, we issued two opinions that call his adverse credibility determination into question. First, in *Hong Fei Gao*, we emphasized that IJs should "distinguish between (1) omissions that arise merely because an applicant's oral testimony is more detailed than his or her written application, and

3

(2) omissions that tend to show that an applicant has fabricated his or her claim." 891 F.3d at 82. In *Gurung*, we held that "trivial differences in the wording of statements describing the same event are not sufficient to create inconsistencies." 929 F.3d at 61.

Here, the agency relied on three purported inconsistencies, which do not provide substantial evidence for the adverse credibility determination. First, the IJ found that Bhattarai's testimony — that he was hit, slapped, and kicked during a March 28, 2012 incident, resulting in bruises and a swollen cheek and forehead — was inconsistent with his written statement that was attacked by seven to eight people and ran away when they pulled weapons out of a backpack. The information elicited in testimony regarding being hit and slapped was "supplementary, not contradictory." *Hong Fei Gao*, 891 F.3d at 79. And in both accounts of this event, Bhattarai used the word attacked, which he also used to describe other incidents of physical harm and explained that he used that term because he believed being hit and slapped was an attack. These "trivial differences in the wording of statements describing the same event are not

4

sufficient to create inconsistencies." *Gurung*, 929 F.3d at 61.

Second, the IJ found Bhattarai's testimony was both internally inconsistent and inconsistent with his written statement regarding threatening phone calls he received from a Maoist group at his home in 2013. Bhattarai testified on direct examination that, in January 2013, his father picked up the phone and was told that if he did not let Bhattarai join the Maoist group, Bhattarai's life would be at risk and they would torture his father as well. Bhattarai also testified that he and his family continued to receive threats on their landline home phone. When asked on redirect to clarify who was threatened, he again stated that the callers said to his father: "[Y]our son might lose his life and we will torture you." Certified Administrative Record ("CAR") at 189. Bhattarai then explained: "It was threats for me but my father was the one who had to listen to that." CAR at 189. Bhattarai added that a majority of the threats his family received were for him. While not completely clear, these accounts are not inconsistent. Nor is the testimony inconsistent with his written statement. He wrote that, in

5

2013, his father received a call in which threats were made to his father about Bhattarai. Though Bhattarai did not explicitly write that the callers told his father he would be tortured as well, this later detail was "supplementary, not contradictory." *Hong Fei Gao*, 891 F.3d at 79. Bhattarai's written statement does not explicitly identify other threats against his family, but it notes that he told other members of his political group that the Maoists were threatening him and his family. Again, there is no inconsistency, and any omission from his written statement of threats against others does not provide substantial evidence for an adverse credibility determination where, as here, the application focused on more direct harm to the applicant. *See Hong Fei Gao*, 891 F.3d at 77–79 (reiterating that applicant need not include all details in initial statements).

Third, the IJ relied on an omission in Bhattarai's written statement that he went to a medical clinic after an attack that occurred in January 2013. Bhattarai testified that he went to the medical clinic, picked up a bandage, and went home. Although Bhattarai does not challenge this inconsistency, we cannot conclude that it provides

6

substantial evidence for the adverse credibility determination because, under the totality of the circumstances, such an omission regarding procurement of medication after an attack has "little, if any, weight." *Id.* at 81; *see also Gurung*, 929 F.3d at 62 (concluding that remand is futile only when "same decision is inevitable on remand" (quotation marks omitted)).

Lastly, the IJ also found that Bhattarai failed to provide corroborative evidence to rehabilitate his credibility because his mother, brother, and sister live in the United States but were not offered as witnesses. Although a failure to call witnesses or provide evidence may support an adverse credibility determination where credibility is already in question, *see Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007), absent the inconsistency and omission findings, the failure to offer corroboration cannot alone support an adverse credibility determination, *see Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[W]hile a failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of

proof, a failure to corroborate cannot, without more, support an adverse credibility determination.").

Given our intervening decisions and the errors noted above, we remand for additional consideration. *See Hong Fei Gao,* 891 F.3d at 78–79; *Gurung*, 929 F.3d at 62.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings. All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court

8