Zhu v. Barr
BIA
McCarthy, IJ
A209 155 050

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty.

PRESENT:
> RAYMOND J. LOHIER, JR.,
> JOSEPH F. BIANCO,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

ZEFEI ZHU,
> *Petitioner,*

> v.

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

18-3708
NAC

_____

FOR PETITIONER:    Yevgeny Samokhleb, Law Offices of Yevgeny Samokhleb, P.C., New York, NY.

FOR RESPONDENT:    Jeffrey Bossert Clark, Acting Assistant Attorney General; Derek C. Julius, Assistant Director;

Bernard A. Joseph, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zefei Zhu, a native and citizen of the People's Republic of China, seeks review of a November 29, 2018, decision of the BIA affirming a December 13, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Zefei Zhu,* No. A 209 155 050 (B.I.A. Nov. 29, 2018), *aff'g* No. A 209 155 050 (Immig. Ct. N.Y. City Dec. 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility

2

determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the inherent plausibility of the applicant's . . . account," and inconsistencies within and between an applicant's statements "without regard to whether" they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

In finding Zhu not credible, the agency reasonably relied on Zhu's inconsistent statements at his credible fear interview and hearing. As an initial matter, we have examined the record of the credible fear interview and find no error in the agency's conclusion that it was sufficiently reliable: the interview was conducted with an interpreter,

3

the questions and answers were recorded in a typewritten document, the questions were designed to elicit details of Zhu's asylum claim, and Zhu's responses indicate that he understood the questions. *See Ming Zhang v. Holder*, 585 F.3d 715, 723–25 (2d Cir. 2009). The inconsistencies support the adverse credibility determination because Zhu gave specific, but inconsistent dates of his arrest, he was inconsistent as to whether the police called his house every ten days or just once after his release from detention, and he stated at his interview that he left China for the first time in July 2016, but acknowledged at the hearing that he attempted a prior departure, but was turned back when he reached Mexico. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, Zhu testified that the police came to his home after he attended another church gathering after his release from detention, but he failed to mention that in his asylum application. *See Xiu Xia Lin*, 534 F.3d at 166 (upholding agency's reliance on omissions from prior statements); *Ming Zhang*, 585 F.3d at 726 (holding that the agency may "draw an adverse inference about petitioner's credibility based, *inter alia*, on h[is] failure to mention" important details or events in prior statements); *see also*

4

*Hong Fei Gao*, 891 F.3d at 78 (holding that "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose").

The agency was not required to credit Zhu's explanation that he was nervous, particularly because he gave precise dates for his arrest. *See Ming Zhang*, 585 F.3d at 722 ("alien's mere recitation that he was nervous or felt pressured during an . . . interview will not automatically prevent the IJ or BIA from relying [on] statements in such interviews when making adverse credibility determinations"). Moreover, as the IJ pointed out, Zhu's answers at the interview were consistent with his testimony in other respects and the inconsistency in the arrest date appeared to be an attempt to reconcile a conflict between the date he gave for his arrest and detention and his later acknowledgement of his first departure from China.

Given the multiple inconsistencies that go to the basis for the claim of persecution, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu*

5

*Xia Lin*, 534 F.3d at 163–64. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6