Chhetri v. Garland

BIA
Schoppert, IJ
A202 088 106

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of June, two thousand twenty-two.

PRESENT:
> JOHN M. WALKER, JR.,
> RAYMOND J. LOHIER, JR.,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

DIL BAHADUR CHHETRI,
> *Petitioner*,

v.                                        **20-3442**
                                          **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Dilli Raj Bhatta, Esq., Bhatta
                           Law & Associates, New York, NY.

FOR RESPONDENT:            Brian Boynton, Acting Assistant
                           Attorney General; Brianne Whelan
                           Cohen, Senior Litigation Counsel;

Christina R. Zeidan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dil Bahadur Chhetri, a native and citizen of Nepal, seeks review of a September 14, 2020 decision of the BIA affirming an August 21, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Dil Bahadur Chhetri,* No. A 202 088 106 (B.I.A. Sept. 14, 2020), *aff'g* No. A 202 088 106 (Immig. Ct. N.Y. City Aug. 21, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's adverse credibility determination for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and treat the agency's findings of

2

fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "The scope of review under the substantial evidence standard is exceedingly narrow, and we will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

The agency denied relief on the basis of an adverse credibility determination. "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . ., the inherent plausibility of the applicant's . . . account, the consistency between the applicant's . . . written and oral statements . . ., the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of

3

the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

In this case, substantial evidence supports the adverse credibility determination. Chhetri alleged that he was attacked by Maoists because of his support for the Nepali Congress Party. The agency reasonably relied on inconsistencies within and between Chhetri's statements and explanations for the motivation and timing of the attacks. For example, he alleged attacks in 2013 because the Maoists were angry about election losses, but he identified some of the attacks as occurring before the election. When asked to explain, he introduced an additional inconsistency, first alleging that the attacks were prompted by losses in the 2008 election and then alleging that he had been in hiding to explain the lag between the 2008 election and the 2013 attacks. The agency was not required to accept this

4

explanation because it added a further inconsistency and was uncorroborated. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The agency also reasonably concluded that Chhetri failed to produce reliable corroboration. An applicant's testimony may be sufficient without corroboration, "but only if the applicant satisfies the trier of fact that the applicant's testimony is credible . . . [and] persuasive." 8 U.S.C. § 1158(b)(B)(ii). "In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record." *Id.* The agency did not err in declining to credit affidavits with identical language. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 524 (2d Cir. 2007) ("[O]ur case law on intra-proceeding similarities has firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are

5

'canned.'"); *Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006).

Given the inconsistencies about the attacks, Chhetri's late and unsupported allegation that he had been in hiding, and the similarity of the supporting affidavits, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167–68; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6