Hoti v. Garland

BIA
Cohen, IJ
A206 635 671

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-two.

PRESENT:
        PIERRE N. LEVAL,
        JOSEPH F. BIANCO,
        ALISON J. NATHAN,
           *Circuit Judges.*

---

ERVIN HOTI,
      *Petitioner*,

      v.                       **20-1735**
                                         **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

---

FOR PETITIONER:        Ervin Hoti, pro se, Bronxville, NY.

FOR RESPONDENT:        Brian M. Boynton, Acting Assistant Attorney General, Civil Division;

Holly M. Smith, Senior Litigation Counsel; Sarah K. Pergolizzi, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ervin Hoti, a native and citizen of Albania, seeks review of a May 1, 2020 decision of the BIA affirming an April 24, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hoti,* No. A206 635 671 (B.I.A. May 1, 2020), *aff'g* No. A206 635 671 (Immig. Ct. N.Y. City Apr. 24, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations under a substantial evidence standard, *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76

2

(2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination given the numerous inconsistencies

3

in the record.

The agency reasonably relied on inconsistencies between Hoti's credible fear interview and his hearing testimony regarding three incidents during which he was detained following protests. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). His statements were inconsistent as to the location of the protests, the identity of his abusers, whether he was arrested, and whether and where he received medical treatment. When confronted, Hoti explained that his hearing testimony was correct and he may not have remembered correctly during the interview because he was stressed and tired. Then, on redirect examination, Hoti added for the first time that he had not understood the interpreter well during the credible fear interview because he spoke a different dialect. In a subsequent affidavit, Hoti repeated those claims and asserted that he had been reluctant to halt the interview to obtain an interpreter in his dialect because he had been informed that cancelling his interview would prolong his detention.

The agency was not required to accept those shifting explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d

4

Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). The interview record reflects that Hoti stated that he understood the interpreter, and his detailed and responsive answers to the asylum officer's questions did not suggest any misunderstanding. Further, although Hoti told the asylum officer that he felt tired, he claimed to be well enough to proceed and declined an offer to halt the interview, which took place about two weeks after he arrived in the United States. Hoti does not argue that the interview record is unreliable for any other reason, and the agency did not err in finding it sufficiently reliable under the circumstances, as it consisted of a typewritten document setting forth the questions posed and Hoti's responses, and reflected that Hoti was informed of the interview's purpose, the importance of responding truthfully, and that he could ask for clarification of anything he did not understand. *See Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).

The agency also reasonably relied on inconsistencies as

5

to whether and when Hoti joined the Democratic Party. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Hoti denied being a member during his credible fear interview, claimed that he became a member in October 2010 during his hearing, and submitted a letter from the party asserting that he joined two months later. That letter—and a letter from a different political organization—also contradicted Hoti's testimony regarding whether he was active in those groups between February 2013 and February 2014, and what year he left Albania. The agency was not required to accept Hoti's explanation that one of the letters contained a mistake, particularly as the errors appeared in both letters. *See Majidi*, 430 F.3d at 80.

The agency reasonably relied on other inconsistencies as well. Contrary to Hoti's argument, the agency did not err in relying on an internal inconsistency in his testimony regarding the number of times he was harmed in Albania. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Hoti affirmed multiple times that there were three instances of violence, referring to the three times he was detained following protests; but, after being reminded of a statement at the credible fear interview, he added that he was also beaten by masked men after leaving

6

a protest. The agency also did not err in concluding that Hoti's testimony regarding being interviewed by a reporter was unclear because Hoti initially claimed that he did not know how the reporter had learned about him, but later testified that the reporter had been sent by an organization in which Hoti was an active member.

Hoti offered explanations for many of the inconsistencies underlying the agency's credibility finding. To the extent that he did not offer an explanation, the IJ was not required to solicit one before relying on the inconsistencies because the record contained "dramatically different accounts" of the events that were the basis for Hoti's claims. *Majidi*, 430 F.3d at 81 (quotation marks omitted).

The multiple inconsistencies relating to Hoti's claims of persecution provide substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse

7

credibility finding" (quotation marks and citation omitted); *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>