Singh v. Garland
BIA
Douchy, IJ
A206 445 624

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of April, two thousand twenty-three.

PRESENT:
>        REENA RAGGI,
>        WILLIAM J. NARDINI,
>        EUNICE C. LEE,
>            *Circuit Judges.*

_____

JASPAL SINGH,
>        *Petitioner,*

v.                                              21-6067
                                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Suraj Raj Singh, Richmond Hill, NY.

**FOR RESPONDENT:**    Brian Boynton, Acting Assistant Attorney General; Sabatino F. Leo, Assistant Director; Colin J. Tucker, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jaspal Singh, a native and citizen of India, seeks review of a January 14, 2021 decision of the BIA affirming a December 14, 2018 decision of an Immigration Judge ("IJ") that denied Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Singh*, No. A206 445 624 (B.I.A. Jan. 14, 2021), *aff'g* No. A206 445 624 (Immigr. Ct. N.Y.C. Dec. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as the final agency determination. *See Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). We review an adverse credibility determination under a substantial evidence standard, *Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of

2

fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements" and inconsistencies within and between an applicant's statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Gao*, 891 F.3d at 76. Singh alleged that members of the Akali Dal Badal party ("Badal Party") attacked and threatened to kill him if he did not leave the Shiromani Akali Dal Amritsar party ("Mann Party").

3

Substantial evidence supports the agency's adverse credibility determination.

The IJ permissibly relied on Singh's demeanor, noting that his testimony was evasive, hesitant, frequently non-responsive, and that he took long pauses before answering questions. *See* § 1158(b)(1)(B)(iii). The IJ was not compelled to accept Singh's explanation that he had difficulty responding on account of his nerves rather than a lack of credibility, particularly as Singh confirmed that he understood the questions. *See Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("We again reject the notion that a petitioner's claim that she was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of her statements.").

Further, the IJ's adverse credibility determination was supported by Singh's inability to recall the name of the hospital where he was admitted on three occasions. The IJ's conclusion that this lack of recall was implausible is "tethered to record evidence" because Singh testified that he was admitted to that hospital three times and confirmed that he had reviewed his supporting documents, including medical

4

records containing the name of the hospital. *Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).

The agency also reasonably relied on inconsistencies in Singh's testimony and between his statements and supporting documents. *See* § 1158(b)(1)(B)(iii). Singh alleged that members of the Badal Party and the police detained and beat him and that he was hospitalized multiple times from the resulting injuries. The agency reasonably relied on inconsistencies in Singh's testimony and supporting documents as to (1) whether his parents were beaten; (2) when the police last searched for him after he left India; (3) the length of his hospital stays; and (4) whether he was hospitalized on December 26, 2013, how long the hospital stay was, and what his injuries were. The agency was not compelled to credit Singh's explanations that his family members did not tell him everything that happened after he left India, that he initially did not remember what had happened, and that his testimony and application were consistent. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit

5

his testimony." (internal quotation marks omitted)). Singh does not challenge the IJ's reliance on the inconsistencies regarding his December 23 hospitalization or his injuries.

The IJ also reasonably gave diminished weight to letters from Singh's family members because the authors were not subject to cross-examination and the documents were inconsistent with Singh's statements. *Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according [letters from a wife and friend] little weight because the declarants (particularly [the] wife) were interested parties and neither was available for cross-examination").

In sum, the IJ's demeanor finding, the implausible and inconsistent statements, and the lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See* § 1158(b)(1)(B)(iii); *Lin*, 534 F.3d at 167. The adverse credibility determination here is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court