Singh v. Barr
BIA
Loprest, IJ
A206 084 036

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand twenty.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

BACHITTER SINGH,
> *Petitioner,*

v.                                                              17-1837
                                                               NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Jackson Heights, NY.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant Attorney General; Russell J.E. Verby, Senior Litigation Counsel; Kristen Giuffreda Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bachitter Singh, a native and citizen of India, seeks review of a May 10, 2017, decision of the BIA affirming an April 21, 2016, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bachitter Singh,* No. A206 084 036 (B.I.A. May 10, 2017), *aff'g* No. A206 084 036 (Immig. Ct. N.Y. City Apr. 21, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the burden finding the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility

2

determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's and witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Singh was not credible as to his claim that Congress Party members attacked him on two occasions in India on account of his membership in the Akali Dal Mann Party and his fear of similar harm in the future.

The agency reasonably relied in part on Singh's demeanor, noting that his testimony was vague and evasive at times on cross-examination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). The demeanor finding is supported by the record, which reflects that Singh testified incoherently about differences between his testimony and his

3

father's affidavit, evasively about obtaining his election card, and inconsistently and vaguely about the whereabouts of his passport.

The demeanor finding and overall credibility determination are bolstered by record inconsistencies. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). The agency reasonably relied on inconsistent evidence regarding whether Singh returned home after his first attack or went directly to the police station and regarding whether the same attackers perpetrated both attacks. Singh did not provide compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Having questioned Singh's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in

4

general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably declined to credit (1) Singh's father's affidavit as it was inconsistent with Singh's testimony, (2) his neighbor's affidavit as the author was not available for cross-examination, and (3) his party leader's letter given his admission that the leader had no first-hand knowledge of the events described therein but rather had learned them from Singh's father and from reading a copy of Singh's asylum application. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that determination of the weight of evidence is largely a matter of agency discretion); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that unsworn letters from alien's friends and family were insufficient to provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677

5

F.3d 130, 133-38 (2d Cir. 2012). The agency did not err in declining to afford weight to Singh's medical certificate because it was not a contemporaneous document, but was prepared for the asylum hearing. *See Xiao Ji Chen*, 471 F.3d at 342. The agency also reasonably found unreliable Singh's election and party membership cards because he testified that he had used the election card to vote in 2011 but the card is dated 2015 and his photograph on the party membership card was stapled and taped onto the card and was missing the stamp that should have lined up with a stamp on the card. *See id.*

Given Singh's demeanor, inconsistent evidence, and lack of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Contrary to Singh's argument, the credibility determination was dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

6

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court
