19-1714
Jia-Tao v. Wilkinson

BIA
Segal, IJ
A206 429 050

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT=S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand twenty-one.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

WENG JIA-TAO,
> *Petitioner,*

> v.                                          19-1714
>                                             NAC

ROBERT M. WILKINSON, ACTING UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*[1]

_____

FOR PETITIONER:          John Son Yong, Esq.
                         New York, NY.

FOR RESPONDENT:          Joseph H. Hunt, Assistant Attorney
                         General; Anthony C. Payne, Assistant
                         Director; Joseph D. Hardy, Trial

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Robert M. Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen as Respondent.

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Weng Jia-Tao, a native and citizen of the People's Republic of China, seeks review of a May 28, 2019, decision of the BIA affirming a January 10, 2018, decision of an Immigration Judge ("IJ") denying Jia-Tao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Weng Jia-Tao*, No. A206 429 050 (B.I.A. May 28, 2019), *aff'g* No. A206 429 050 (Immig. Ct. N.Y.C. Jan. 10, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed both the IJ's and the BIA's opinions under the substantial evidence standard. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006); see 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral

statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Jia-Tao was not credible as to his claim that police detained and beat him for practicing Christianity.

The IJ reasonably relied on Jia-Tao's inconsistent statements about how many times he was arrested. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Jia-Tao's statements throughout the proceedings varied as to whether he was arrested once or twice. This inconsistency provides substantial evidence for the adverse credibility determination because it relates to the sole allegation of past persecution. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of . . . [applicant's] story that served as an example of the very persecution from which he sought

3

asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks omitted)).  The agency was not required to credit Jia-Tao's retractions of the inconsistent statements as they did not resolve the inconsistency, which was repeated throughout the proceedings.  *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

The adverse credibility determination is bolstered by a second inconsistency: his and his wife's written statements reflected that they began considering him leaving China before his arrest, but he testified and confirmed that they did not discuss him leaving until after his arrest.  *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible.  Multiple inconsistencies would so preclude even more forcefully.").  The IJ was justified in rejecting Jia-Tao's varied explanations for this inconsistency.  *See Majidi*, 430 F.3d at 80.  The adverse credibility determination is dispositive because asylum,

4

withholding of removal, and CAT relief are based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```