19-3978
Singh v. Garland

BIA
Douchy, IJ
A087 992 719

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

TARINDER SINGH,
> *Petitioner*,

v.

MERRICK B. GARLAND,
UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

19-3978
NAC

_____

FOR PETITIONER: Rachel Einbund, Esq., Law Office of Rachel Einbund, PC, New York, NY.

FOR RESPONDENT: Ethan P. Davis, Acting Assistant Attorney General; Anthony P.

Nicastro, Assistant Director;
Sheri R. Glaser, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tarinder Singh, a native and citizen of India, seeks review of a November 14, 2019, decision of the BIA affirming a March 28, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention against Torture ("CAT"). *In re Tarinder Singh,* No. A 087 992 719 (B.I.A. Nov. 14, 2019), *aff'g* No. A 087 992 719 (Immigr. Ct. N.Y. City Mar. 28, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's decision and the IJ's decision for the sake of completeness. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility

2

determination for substantial evidence). The IJ may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer. . . to an IJ's adverse credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

The IJ reasonably relied on Singh's demeanor. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We defer to the IJ's finding that Singh's testimony was hesitant, evasive, and frequently non-responsive. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (giving "particular deference to credibility determinations that are based on the

adjudicator's observation of the applicant's demeanor").

Moreover, inconsistencies in the record support the demeanor finding and the adverse credibility determination as a whole. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony."). Singh's written and oral statements were inconsistent regarding the dates of his arrests and whether both he and his father were arrested in June 2009. The IJ was not required to credit his explanation that he could not remember correctly. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (internal quotation marks and citation omitted).

Moreover, the IJ reasonably concluded that Singh's documentary evidence and witness testimony did not rehabilitate his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("[T]he absence of corroboration in

4

general makes an applicant unable to rehabilitate testimony that has already been called into question."). The IJ did not err in affording little evidentiary weight to the letters from Singh's father, mother, cousin, and village leader because they were somewhat inconsistent with Singh's statements, the authors were not subject to cross-examination, and his parents were interested parties. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (finding letters from friends and family insufficient to support alien's claims because the authors were interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). Similarly, although Singh's sister testified at the hearing and was subject to cross-examination, her testimony further undermined Singh's claim because she could not recall whether she witnessed their father's arrest, whether that arrest occurred outside their home, or if she visited Singh in the hospital after his

release from custody in June 2009.

Given Singh's demeanor problems, the inconsistencies among his statements and evidence, and his lack of reliable corroboration, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding, and CAT because all three forms of relief rely on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6