Hossain-Chowdhurry v. Garland

BIA
Douchy, IJ
A208 678 668

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty-one.

PRESENT:
      DEBRA ANN LIVINGSTON,
          *Chief Judge,*
      JOSEPH F. BIANCO,
      WILLIAM J. NARDINI,
          *Circuit Judges.*

_____

MOHAMMED ALAMGIR HOSSAIN-CHOWDHURRY, A.K.A. MUHAMMAD NAJIN MUTAR KHUDAYIR
      *Petitioner,*

      v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
      *Respondent.*

                **19-2316**
                **NAC**

_____

**FOR PETITIONER:**      Ramesh K. Shrestha, Esq., New York, NY.

**FOR RESPONDENT:** Joseph Hunt, Assistant Attorney General; Carl McIntyre, Assistant Director; Virginia Lum, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammed Alamgir Hossain-Chowdhurry, a native and citizen of Bangladesh, seeks review of a June 28, 2019, decision of the BIA affirming a February 8, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Mohammed Alamgir Hossain-Chowdhurry*, No. A 208 678 668 (B.I.A. June 28, 2019), *aff'g* No. A 208 678 668 (Immig. Ct. N.Y. City Feb. 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility

2

determination for substantial evidence).  An IJ may, "[c]onsidering the totality of the circumstances" base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  We defer to an IJ's adverse credibility determination "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  Substantial evidence supports the agency's determination that Hossain-Chowdhurry was not credible as to his claim of past persecution by members of a rival political party.

In the instant case, we defer to the IJ's determination that Hossain-Chowdhurry's change in demeanor when confronted with inconsistencies undermined his credibility.  *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (giving "particular deference to credibility determinations that are based on the adjudicator's

3

observation of the applicant's demeanor"). The inconsistencies identified by the IJ also provide further support for the demeanor finding and the adverse credibility determination as a whole. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be . . . more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony.").

Additionally, the IJ reasonably relied on internal inconsistencies in Hossain-Chowdhurry's testimony regarding a past application for a U.S. visa and whether he previously travelled outside of Bangladesh, including while he was allegedly in hiding from members of a rival political party. The IJ also reasonably relied on Hossain-Chowdhurry's lack of responsiveness or clarity as to when he operated and closed his business in Bangladesh and whether a trip to India during the period he was in hiding was related to his business. Taken together these inconsistencies about his travel and business call into question the timeline of events and undermine his credibility as a whole. *See Xiu Xia Lin*, 534 F.3d at 167 (explaining that cumulative effect of even

4

collateral inconsistencies may provide substantial evidence for an adverse credibility determination).

The IJ also reasonably found that Hossain-Chowdhurry's documentary evidence failed to rehabilitate his inconsistent and unresponsive testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The weight afforded to an applicant's documentary evidence is largely a matter of agency discretion. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). We conclude that the agency did not err in declining to credit letters Hossain-Chowdhurry submitted from leaders of his political party, family members, and alleged eyewitnesses to his threats and assaults by members of a rival party because the authors were unavailable for cross-examination and his family members were interested parties. *Id.* at 334 (upholding agency's decision not to credit letter from applicant's spouse). Moreover, none of the documentary evidence resolves the inconsistencies in Hossain-Chowdhurry's testimony.

Given the issues with Hossain-Chowdhurry's demeanor, the inconsistencies in his testimony, and the lack of reliable corroboration, substantial evidence supports the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). In this case, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all forms of relief rely on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6