19-2624
Ye v. Garland

BIA
Poczter, IJ
A208 921 347

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand twenty-one.

PRESENT:
        RAYMOND J. LOHIER, JR.,
        MICHAEL H. PARK,
        WILLIAM J. NARDINI,
                *Circuit Judges.*
_____

JIN HUI YE,
        *Petitioner,*

        v.                                              19-2624
                                                        NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:         Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Melissa Neiman Kelting, Assistant Director; Christopher Buchanan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that this petition for review of a decision of the Board of Immigration Appeals ("BIA") is DENIED.

Petitioner Jin Hui Ye, a native and citizen of the People's Republic of China, seeks review of an August 1, 2019 decision of the BIA affirming a January 16, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Hui Ye,* No. A208 921 347 (B.I.A. Aug. 1, 2019), *aff'g* No. A208 921 347 (Immig. Ct. N.Y.C. Jan. 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions. *See Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all

2

relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the agency's determination that Ye was not credible as to his claim that police detained and beat him for practicing Christianity in an unregistered church in China.

The agency reasonably relied on Ye's unresponsive and scripted demeanor.  On direct examination, Ye's attorney frequently had to ask repetitive or leading questions to elicit responsive answers about Ye's Christian practice.  This supports the IJ's demeanor finding, which we afford

3

particular deference. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

The agency also reasonably relied on inconsistent statements about who introduced Ye to Christianity and paid a fine for his release. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). First, Ye's application identified one coworker who invited him to attend church, but he testified about two. The IJ was not required to credit Ye's explanation that he was in a fight with the second because Ye submitted an affidavit from that second individual. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Second, Ye testified that his brother paid the fine to secure his release from jail; but his brother's affidavit stated that Ye paid the fine. Ye had no explanation for this inconsistency. The lack of reliable corroboration further undermined Ye's credibility. *See Y.C.*

4

*v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Given these inconsistencies and the demeanor finding, substantial evidence supports the adverse credibility determination, which is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate of Ye's alleged beating and detention for attending an unregistered church. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Nevertheless, the IJ assumed in the alternative that Ye was seeking relief based on a well-founded fear of future persecution on account of his practice of Christianity in the United States. The IJ reasonably rejected such a claim because Ye did not provide evidence that Chinese authorities were aware of, or were likely to become aware of, his Christian practice in the United States. *See Hongsheng Leng*

5

*v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008). And the IJ reasonably rejected a claim of a pattern or practice of persecution of Christians because Ye's supporting evidence—a State Department report and six news articles—did not establish heightened restrictions for Christians in his home province. *See Santoso v. Holder*, 580 F.3d 110, 112 & n.1 (2d Cir. 2009); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 149–50, 169–70 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court