Chen v. Garland

BIA
Nelson, IJ
A208 192 420

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of January, two thousand twenty-two.

PRESENT:
>        GUIDO CALABRESI,
>        JOSÉ A. CABRANES,
>        RAYMOND J. LOHIER, JR.,
>             *Circuit Judges.*

_____

QI LIANG CHEN,
>        *Petitioner*,

v.                                                          **19-4123**
                                                            **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:                 Dehai Zhang, Esq., Flushing, NY.

FOR RESPONDENT:                 Ethan P. Davis, Acting Assistant
                                Attorney General; John S. Hogan,
                                Assistant Director; Todd J.
                                Cochran, Trial Attorney, Office of

Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qi Liang Chen, a native and citizen of the People's Republic of China, seeks review of a November 14, 2019, decision of the BIA affirming a March 5, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Qi Liang Chen,* No. A 208 192 420 (B.I.A. Nov. 14, 2019), *aff'g* No. A 208 192 420 (Immig. Ct. N.Y. City Mar. 5, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determinations for substantial evidence); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings

for substantial evidence and questions of law de novo).  In determining whether an asylum applicant has met his burden, the agency "weigh[s] the credible testimony along with other evidence of record."  8 U.S.C. § 1158(b)(1)(B)(ii).  The agency did not err in concluding that Chen failed to meet his burden of proof.

The agency reasonably concluded that Chen was not credible.  "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's . . . written and oral statements . . . and any inaccuracies or falsehoods in such statements[.]"  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  An IJ may, "either expressly or impliedly," discredit an applicant's testimony and evidence under the "maxim *falsus in uno, falsus in omnibus* [false in one thing, false in everything]."  *Siewe v. Gonzales*, 480 F.3d 160, 170–71 (2d Cir. 2007) (internal quotation marks

3

omitted, brackets in original). The IJ appropriately did so here because Chen admitted that the detailed testimony of past persecution that he gave under oath at his credible fear interview was not true. The IJ was not required to credit Chen's recantation of these statements or his explanation that a snakehead told him to lie and he later recanted because he was no longer allowed to lie after being baptized. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

Chen did not otherwise meet his burden of proof. He did not allege past persecution before the IJ, so he had the burden to establish a well-founded fear of future persecution by showing he would be "singled out individually for persecution" based on his practice of Christianity or that there was a "pattern or practice" of persecution of Christians in China. 8 C.F.R. § 1208.13(b)(2); *Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021). The agency did not err in concluding that Chen did not establish a well-founded fear of persecution under either theory.

Chen did not establish that he would be singled out for persecution because he did not document the alleged events in China or show that Chinese authorities were aware of his practice of Christianity in the United States. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 137 (2d Cir. 2008) ("in order to establish eligibility for relief based exclusively on activities undertaken after . . . arrival in the United States, an alien must make some showing that authorities in his country of nationality are (1) aware of his activities or (2) likely to become aware of his activities"); *see also Jian Liang*, 10 F.4th at 117.

Even assuming Chen would continue to practice Christianity at an unregistered church in China, the agency reasonably concluded that he did not establish a well-founded fear of persecution based on a pattern or practice of persecution of Christians because the record reflected varied treatment of Christians throughout China and because his grandmother continued to practice Christianity unharmed. *See Jian Liang*, 10 F.4th at 117 (holding that petitioner failed to meet burden where State Department reports established that "treatment of Christians in China varies by locality" and petitioner's evidence did not show persecution occurring

5

in his home province); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding asylum applicant's fear of persecution not well-founded in part because her mother and daughters continued to live unharmed in applicant's native country).

Given Chen's admission that he lied under oath to fabricate a past persecution claim and the lack of evidence to support a pattern-or-practice claim, the agency did not err in concluding that he failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). That determination is dispositive of Chen's asylum, withholding of removal, and CAT protection claims because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court