16-49
Ullah v. Garland

BIA
Gordon-Uruakpa, IJ
A087 783 561

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand twenty-two.

PRESENT:
> GUIDO CALABRESI,
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

NAEEM ULLAH,
> *Petitioner,*

v.                                    16-49
                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Visuvanathan Rudrakumaran, Esq.,
                         New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Acting Assistant
                         Attorney General; Anthony C.

Payne, Assistant Director; Jeffery R. Leist, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Naeem Ullah, a native and citizen of Pakistan, seeks review of a December 9, 2015 decision of the BIA affirming a July 10, 2014 decision of an Immigration Judge ("IJ") denying Ullah's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Naeem Ullah*, No. A087 783 561 (B.I.A. Dec. 9, 2015), *aff'g* No. A087 783 561 (Immig. Ct. N.Y.C. July 10, 2014). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 293, 296 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any

reasonable adjudicator would be compelled to conclude to the contrary"); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009) (providing that constitutional claims and questions of law are reviewed de novo).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Substantial evidence supports the adverse credibility determination here. Ullah alleged that members of an extremist Islamic group killed his father, sister, and brother-in-law, and later shot him in the leg on account of his family belonging to the Ahmadi sect of Islam. The IJ reasonably relied on inconsistencies about Ullah's alleged shooting, including when it occurred, why he was in Pakistan at that time, why his passport did not reflect that he was in Pakistan at the time, and who reported the shooting to the police. *See* 8 U.S.C § 1158(b)(1)(B)(iii). Ullah failed to rehabilitate this testimony with reliable corroboration.* *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his . . . testimony may bear on credibility, because the absence of corroboration

---

* Ullah submitted a police report related to the shooting and a handwritten discharge slip from a Pakistani hospital, which would have corroborated his presence in Pakistan at the time of the shooting and that he received medical attention. But the agency was not required to credit these documents over the passport, particularly given Ullah's inconsistent testimony about who reported the incident to the police. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

In addition, Ullah's asylum application and testimony were inconsistent with an earlier visa application as to whether he had served in the military in Pakistan and as to what countries he had previously travelled. He also omitted an arrest in the United States from his asylum application. *See Xiu Xia Lin*, 534 F.3d at 167 (explaining that the agency "may rely on *any* inconsistency . . . as long as the 'totality of circumstances' establishes that an asylum applicant is not credible"). The IJ did not err in relying on the omission because the application form instructs the applicant to list any arrests, and Ullah's contradictory explanations—*i.e.*, that the arrest occurred after he filed the application and that his attorney advised him that the arrest was irrelevant because the charges were dismissed—do not resolve the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (cleaned up)). Ullah

also argues that the agency should not have relied on the inconsistencies because he has memory issues as a result of a stroke. The agency was not required to accept this explanation because he was able to testify in detail, he complained of memory problems only when confronted with an inconsistency, and the issue with the visa application and the omission of his arrest from his asylum application predated the stroke. *Id.*

The discrepancies between Ullah's statement, testimony, and the documentary evidence, as well as the lack of other reliable corroboration, provide substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166–67; *Biao Yang*, 496 F.3d at 273; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). This determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same

discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Finally, we are not persuaded by Ullah's argument that the agency deprived him of due process by failing to hold a competency hearing or relying on credibility concerns without adequately considering the effect of his stroke on his memory. First, Ullah did not request a competency hearing or exhaust a due process argument before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007) ("[U]sually . . . issues not raised to the BIA will not be examined by the reviewing court."). Second, in any event, Ullah has not demonstrated a due process violation. To state a due process claim, Ullah had to show that he did not have a "full and fair opportunity to present [his] claims." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104 (2d Cir. 2006). He has not shown he was deprived of such an opportunity as he declined the IJ's offer of a continuance, he decided to proceed in consultation with counsel, and he was given an opportunity to present additional evidence after the hearing. *Id.*; *Matter of M-A-M-*, 25 I. & N. Dec. 474, 479 (B.I.A. 2011) ("[A] lack of competency in civil immigration

7

proceedings does not mean that the hearing cannot go forward; rather, procedural fairness is required.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8